JACKSON JOHNSON ET AL.

V.

ELISHA LAWSON.

*Negotiable Instruments—Note—Liability of Sureties—Fraudulent Declarations—Admissibility of.*

In an action against a surety on a promissory note, who claims to have become such because of fraudulent representations, it is error to exclude the representations in question.

[Opinion filed September 21, 1888.]

IN· ERROR to the Circuit Court of Scott County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. J. M. RIGGS, T. H. DEVINE and JAMES CALLANS, for plaintiffs in error.

The compromise of a doubtful right, though it afterward turns out the right was on the other side, where there is neither actual nor constructive fraud, and the parties act in good faith, with full knowledge of the facts, is a sufficient consideration to support a compromise.   Honeyman v. Jarvis, 79 Ill. 322; Miller v. Hawker, 66 Ill. 187; Mulholland v. Bartlett, 74 Ill. 62; Parker v. Enslow, 102 Ill. 277; Daffin v. Roberts, 9 Ill. App. 103.

But the claim must have been made in good faith; the plaintiff must have honestly believed he had a good cause of action; the compromise must have been fairly entered into

with full knowledge of the facts, and there must have been neither actual nor constructive fraud.

In the following cases it has been held that where a party makes a misrepresentation about the title to land, the fact that he has a deed or mortgage of record which will show the truth, makes no difference, and will not avoid the effect which his misrepresentations will otherwise have. Parham v. Randolph, 4 How. (Miss.) 435; S. C., 35 Am. Dec. 405, 406; Eppy v. Withrow, 7 Watts, 168; Campbell v. Wittingham, 5 J. J. Marsh, 96; S. C., 20 Am. Dec. 246; Kennedy v. Johnson, 2 Bibb, 12; S. C., 4 Am. Dec. 667; Napier v. Young, 6 Yerg. 108; Young v. Hopkins, 6 T. B. Mon. 23; Mattoon v. Young, 45 N. Y. 702; Raley v. Williams, 73 Mo. 310; Markham v. O'Connor, 52 Ga. 183; S. C., 21 Am. Rep. 250.

If, as averred in the pleas, the defendant in error made fraudulent misstatements of a material character, with the intent to deceive plaintiffs in error, or either of them, and for the purpose, as averred, of preventing them, or either of them, from searching the records, and they, or either of them, in ignorance of the truth, relied on such material misstatements, and would not otherwise have signed either of the notes mentioned in this case, these facts constitute a full defense to the note in suit, even though the truth might have been learned by searching the records; and the evidence offered by plaintiffs in error ought to have been admitted.

Messrs. JAMES WARREN and MORRISON & WHITLOCK, for defendants in error.

CONGER, J. This was an action of assumpsit upon a note for $570.40 given by plaintiffs in error to defendant in error, dated March 20, 1886. To the declaration a plea was filed setting up that prior to that time John Johnson, a brother of plaintiff in error, had bought from Dawson forty acres of land and given in payment therefor his note for $1,067.66, with Jackson Johnson, one of the plaintiffs in error, and one Isaac Johnson, as sureties; that it was understood and agreed by said John Johnson and his sureties, of which the plaintiff

had, at the time, full knowledge, that John Johnson should give such sureties a mortgage upon the forty acres to indemnify them; that such mortgage was thereafter so executed on the 19th day of March, 1886, and that on the next day Isaac Johnson paid one-half of said note, and plaintiff in error Jackson Johnson, for the other half, gave the note in suit with William Johnson, the other plaintiff in error, as his surety; that said plaintiff in error, Jackson Johnson, gave said note relying solely on said mortgage as indemnity, which defendant in error well knew, and said defendant in error repeatedly theretofore, and then and there falsely told said Jackson Johnson that he had no mortgage on said forty acres of land, and that it belonged to said John Johnson; that such false statements were made to deceive and mislead said Jackson Johnson and to prevent him from searching the record; that he did rely upon them, etc.; that Dawson had before that time taken a mortgage from John Johnson upon said forty acres for its full value; and that John Johnson was and still is solvent.

Replications were filed denying that the consideration of the note was as represented in the pleas, but averring that Dawson had brought suit in attachment upon the note for $1,067.66, and that the note in suit was given for one-half of said original note upon the consideration of dismissing said attachment suit and releasing Isaac Johnson from liability.

Other replications deny that defendants in error relied upon any statement of Dawson, or that he made any such statements as set forth in the pleas.

By the pleadings, therefore, the issue was presented whether or not the execution of the note in suit was procured by the false and fraudulent statements of defendant in error, that he held no mortgage which would interfere with the one already executed to Jackson Johnson and Isaac Johnson, or whether it was given as stated in plaintiff's replication. The Circuit Court, recognizing in the instructions that this was an issue in the case, gave the following instruction:

"No 1. That this suit is on the note in evidence, and the execution thereof is admitted by the pleadings, but defendants

Phœnix Ins. Co. v. Van Allen.

have set up as a defense that the consideration of the note was the assurance of the plaintiff that he had no mortgage or lien on the land mentioned in the pleas at the time said note was signed. The burden is on defendants to show by evidence that Dawson gave such assurance to defendants, or one of them, and that the same was the consideration of the note sued on."

The court, however, refused to allow plaintiffs in error to show the statements of defendant in error, which they proposed to introduce to sustain their plea.

This was error. All the circumstances, and statements of the plaintiff which would have tended to throw light upon the question at issue should have been allowed to go to the jury. For the error indicated the judgment of the Circuit Court will be reversed, and the cause remanded.

*Reversed and remanded.*